IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARNEST LEE WHITE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1674-B |
| | § | |
| BOB JOHNSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Earnest Lee White, a Texas prisoner, against Bob Johnson a/k/a Andy Bob Coats and Jeff Fletcher, employees of Parole and Probation Services, Inc. ("PPS"). On September 13, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on October 18, 2006. The court now determines that this case should be dismissed for lack of subject matter jurisdiction.

II.

Although his complaint and interrogatory answers are difficult to decipher, it appears that plaintiff hired PPS, a private company, to represent him in proceedings before the Texas parole board. According to plaintiff, two PPS employees, Bob Johnson and Jeff Fletcher, lied to him and his family about his prospects for early release "just to get money." By this suit, plaintiff seeks reimbursement of all monies paid to PPS and $1,500 in damages.

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states or foreign nations. *See* 28 U.S.C. §§ 1331 & 1332. A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff alleges no federal constitutional or statutory basis for his claims against defendants. Although he generally accuses Johnson and Fletcher of acting "under color of state law," plaintiff fails to allege any facts to support that assertion. PPS is a private firm with no governmental affiliation. As such, neither the company nor its employees act "under color of state law" for purposes of section 1983 liability. *See Barnes v. Lehman*, 861 F.2d 1383, 1385 (5th Cir. 1988). Nor does plaintiff allege that the parties are citizens of different states and that the amount in controversy exceeds $75,000--facts necessary to establish federal diversity jurisdiction. Consequently, this case should be dismissed for lack of subject matter jurisdiction. *See Spencer v. Brown*, No. 3-05-CV-1106-L, 2005 WL 1521680 at *1 (N.D. Tex. Jun. 28, 2005), *rec. adopted*, 2005 WL 1677930 (N.D.

Tex. Jul. 15, 2005) (dismissing civil action asserting section 1983 claim against private citizen where both plaintiff and defendant were citizens of Texas and amount in controversy did not exceed $75,000).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 19, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE